STATE OF MISSOURI, Respondent, v. WILLIAM SWEARINGEN, Appellant.

Springfield Court of Appeals, January 3, 1910.

CRIMINAL LAW: Shooting on Public Highway: Killing Dog or Other Animal.   The words "or any object," as used in section 2164, Revised Statutes 1899, which prohibits the shooting at a mark or any object, or at random, along or across a public highway, was intended to prohibit a character of shooting that might be denominated reckless or careless.   While a dog or any other animal might be used as a mark or might come under the designation "any object" when shot at in a reckless or careless manner or for mere sport, yet when the purpose of the shooting is to kill the animal such act is not prohibited by the statute.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED.

*G. Purd Hays* for appellant.

Motion for a new trial should have been sustained. The evidence taken as a whole, proved that defendant shot and killed a dog that was trying or attempting to bite him, as defendants testified: "I shot for self-protection." State v. Badger, 95 Mo. App. 289; R. S. 1899, sec. 2627; State v. Branstetter, 65 Mo. 149; State v. Weakley, 178 Mo. 413.

*Fred W. Barrett* for respondent.

An act which would otherwise be a crime is justifiable or excusable if done under necessity.   But the accused must show that it was done only in order to avoid consequences which could not otherwise be avoided, and that no more was done than was necessary for that purpose.   12 Cyc. 160; Stephen, Dig. Crim. Law, Art. 32; Comm. v. Knox, 6 Mass. 76; 2 Cyc. 416; Dodson v. Mock, 20 N. C. 234, 32 Amer. Dec. 677.

COX, J.—Indictment for shooting at a dog on the public highway in Christian county. Defendant convicted and has appealed.

The first question to be determined on this appeal is whether or not shooting a dog on the highway is prohibited by the statute under which this indictment is drawn. The statute, section 2164, Revised Statutes 1899, reads as follows:

"Every person who shall shoot at a mark or any object, or at random along or across a public highway, shall be adjudged guilty of a misdemeanor and shall, on conviction, be fined the sum of five dollars."

It is apparent from the reading of this statute that the Legislature did not intend to prohibit *all* shooting on a highway. Its evident purpose was to prevent reckless or careless shooting along a highway; hence, unless the evidence shows the shooting to come within the prohibition of the statute, the person cannot be convicted under this section. To shoot at a mark or at random along or across a highway is readily understood. The only difficulty arises when we are called upon to determine what is meant by the words "or any object." If we keep in mind the purpose of the statute and the fact that it is only intended to prevent reckless or careless shooting along the highway, it will appear at once that the words "or any object" are only intended to prohibit a character of shooting that might be denominated reckless or careless. While a dog or any other animal might be used as a mark or might come under the designation "any object" when shot at in a reckless or careless manner, or for mere sport, yet we do not think that it was the intention of the Legislature to make this statute apply to the shooting of a dog or any other animal upon the highway when the purpose of the shooting was to kill the animal.

The evidence in this case shows that the shooting was done not in sport, nor for the purpose of using the dog for a target, but the shooting was done with the

intent to kill the dog, and we, therefore, hold that this act is not forbidden by this statute. This being true, it becomes unnecessary to pass upon the other questions appearing in the record in this case. The judgment is reversed and the defendant discharged. All concur.